# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTOPHER YOUNG,**

      **Plaintiff,**

**v.**                                                      **Case No: 6:18-cv-877-Orl-37KRS**

**UNITED STATES OF AMERICA,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)
>
> **FILED:** June 6, 2018

## I. PROCEDURAL HISTORY.

Plaintiff, Christopher Young, filed this action against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"). Doc. No. 1. Young alleges that the Social Security Administration ("SSA") negligently failed to pay him $9,344.00 in attorney's fees that were set aside in his award of social security benefits. He alleges that on or about January 19, 2017, he notified the SSA that the attorney's fees had not paid to him[1] as suggested in the Social Security Benefit Statement he received for the 2016 tax year. *Id.* ¶ 12. Over the next several

---

[1] Young never hired an attorney and waived his rights to representation. Doc. No. 1-1, at 1.

months, Young exchanged correspondence with SSA employees regarding the status of his requests that the attorney's fees be paid to him.  *Id.* ¶¶ 13-15.  To date, he still has not received $9,344.00.  *Id.* ¶ 19.

On October 10, 2017, he presented his claim to the Office of the Regional Counsel for Social Security Administration for administrative settlement under the FTCA.  Young states that over six months have elapsed without a response.  *Id.* ¶ 7.  He thus alleges that this action is timely pursuant to 28 U.S.C. § 2401(b).  He asserts a single count for negligence based on the SSA's failure to fully pay his benefits.

With his complaint, Young filed an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2), which I construe as a motion to proceed *in forma pauperis*.  This motion was referred to me and is ripe for review.

**II.     STANDARD OF REVIEW.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case.  *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary."  *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

### III. ANALYSIS.

Upon review of the complaint, I recommend that the Court dismiss Young's complaint for lack of subject matter jurisdiction because the FTCA does not provide a jurisdictional basis for this action.

> The FTCA provides that a district court:
>
> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. 1346(b). The FTCA does not create a substantive cause of action against the United States, but provides a mechanism by which a plaintiff may bring a state law tort action against the federal government in federal court. *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004) (per curiam). However, it is well established that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such a suit. *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941). Thus, the FTCA's limited waiver of the United States' sovereign immunity is not unqualified and is subject to various limitations. One such limitation is found in the Social Security Act, which states, in relevant part, that:

> No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The limitation under § 405(h) applies to this action.  Young is suing the United States to recover benefits that were awarded under the Social Security Act.  Thus, his action comes within the scope of § 405(h) and precludes this Court from exercising jurisdiction under the FTCA.

In *Raczkowski v. United States*, 138 F. App'x 174, 174 (11th Cir. 2005)[2], the Eleventh Circuit Court of Appeals affirmed the district court's dismissal of a plaintiff's FTCA claim that was based on the SSA's "determination and recoupment of old-age insurance benefits."  The Eleventh Circuit held that that because the plaintiff's claim arose under the FTCA, § 405(h) barred the district court from exercising subject matter jurisdiction under the FTCA.  The Eleventh Circuit noted that the Supreme Court has held the language in § 405(h) excluding jurisdiction "'to recover on any claim arising under'" the Act "undoubtedly references the usual social security claim 'where an individual seeks a monetary benefit from the agency.'"  *Id.* at 174-75 (quoting *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000)).

Other courts have similarly held that § 405(h) bars claims under the FTCA arising from the determination and administration of social security benefits, and that § 405(g) of the Social Security Act provides that "exclusive remedy for claims related to SSA employees' alleged mistakes in calculating an individual's benefits."  *Stanley v. Berryhill*, No. 16-275 (JRT/KMM), 2017 WL 1180435, at *3 (D. Minn. Mar. 29, 2017); *see also Going v. United States*, 287 Fed. App'x 543 (8th Cir. 2008) (per curiam) (the "aris[es] under" language in section 405(h) applies to claims for negligent determination and administration of social security benefits, thus precluding liability under the FTCA); *Jarrett v. United States*, 874 F.2d 201 (4th Cir. 1989) (§405(h) precluded plaintiff's action under the FTCA alleging wrongful termination of her husband's social security

---

[2] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

benefits and § 405(g) provided the exclusive remedy for those claims); *Polonczyk v. Colvin*, No. 14-0327-WS-M, 2014 WL 5307879 (S.D. Ala. Oct. 16, 2014) (dismissing action for recovery of social security benefits because the court lacked subject matter jurisdiction under the FTCA).

Therefore, I recommend that Young's complaint be dismissed for lack of subject-matter jurisdiction and that the Court direct the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2).

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). As noted above, § 405(g) of the Social Security Act provides the exclusive remedy for Young's claim. That section permits judicial review of the SSA's actions, but only if Young has exhausted his administrative remedies in the manner prescribed by that section. *Weinberger v. Salfi*, 422 U.S. 749, 790 (1975). Therefore, in the event that Young files an amended complaint pursuant to § 405(g), he must properly allege that he has exhausted his administrative remedies.

In the event that he files an amended complaint, Young may also file a renewed motion to proceed *in forma pauperis*.

**IV.   RECOMMENDATION**

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint for lack of subject-matter jurisdiction and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2). I further **RECOMMEND** that the Court give Young leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*. Finally, I **RECOMMEND** that the

Court advise Young that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 11, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy